IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RALPH TURNER CASEY,<br><br>    Plaintiff,<br><br>v.<br><br>CATHOLIC DIOCESE OF MEMPHIS and<br>SACRED HEART CATHOLIC CHURCH,<br><br>    Defendants. | No. 2:24-cv-02660-SHL-tmp |

**ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY
PENDING OUTCOME OF DEFENDANTS' MOTION TO DISMISS**

Before the Court is Defendants Catholic Diocese of Memphis and Sacred Heart Catholic Church's ("Defendants") Motion to Stay Discovery Pending Outcome of Defendants' Motion to Dismiss, filed February 3, 2025. (ECF No. 23.) Plaintiff Ralph Turner Casey responded on February 18, 2025. (ECF No. 28.) As discussed below, Defendants' Motion is **DENIED**.

**BACKGROUND**

On September 17, 2024, Plaintiff filed this complaint, alleging that he was sexually exploited by Fr. Joel Wiggs from 1979 to 1983 and that Defendants are liable for that conduct. (ECF No. 1.) Fr. Wiggs retired in 1995 and died in 2001. (Id. at ¶¶ 11, 18.) Defendants filed a motion to dismiss the complaint in its entirety on November 19 (ECF No. 12), which is now fully briefed (see ECF Nos. 15, 18).

Defendants seek to stay discovery until after the Court rules on their motion to dismiss. (ECF No. 23-1 at PageID 121–22.) They argue that they face a discovery burden that outweighs the harm Plaintiff would face with a temporary delay as the Court evaluates the motion. (Id. at PageID 123–24.) Defendants contend that discovery would be prohibitively costly and a stay is

in accordance with the Federal Rules of Civil Procedure, which values avoiding unnecessary expense. (Id. at PageID 124.) Plaintiff responds that Defendants fail to demonstrate how allowing the discovery process to proceed would be unfairly burdensome. (ECF No. 28 at PageID 137–38.) He offers to coordinate with Defendants to structure the discovery process so that more expensive matters could be handled later. (Id. at PageID 138.) Plaintiff also notes that Rule 1, in addition to valuing being mindful of expenses, also emphasizes the importance of a speedy litigation process. (Id.)

## ANALYSIS

The Court has broad discretion to determine whether to stay discovery. Hahn v. Star Bank, 190 F.3d 708, 719 (6th Cir. 1999). In evaluating such a motion, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." JWM Memphis, LLC v. Terracon Consultants, Inc., No. 2:24-cv-02316-TLP-atc, 2024 WL 4919588, at *1 (W.D. Tenn. Nov. 6, 2024) (internal citation and quotation marks omitted). A stay is appropriate where imposed to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rhea Drugstore, Inc. v. Smith & Nephew, Inc., No. 2:15-cv-02060-JPM-tmp, 2015 WL 12867935, at *1 (W.D. Tenn. May 28, 2015) (quoting Fed. R. Civ. P. 26(c)) (internal quotation marks omitted). However, a pending dispositive motion is "usually deemed insufficient" to justify a discovery stay. Terracon Consultants, 2024 WL 4919588, at *1 (internal citation and quotation marks omitted).

Although the Court acknowledges the expense and labor that can accompany the discovery process, and that the Motion to Dismiss may dispose of Plaintiff's case, Defendants' arguments are unpersuasive. As discussed during the February 13th Scheduling Conference

(ECF No. 25), discovery here will be limited because of how long it has been since the events transpired and how few relevant witnesses are still alive today. This discovery process thus may not be substantially burdensome. Moreover, prolonging the process risks drawing out the litigation and unfairly burdening Plaintiff as he seeks relief.

Additionally, during the Scheduling Conference and in his Reply, Plaintiff expressed a willingness to work with Defendants to make the discovery process as manageable as possible. (See ECF No. 28 at PageID 138.) The Court encourages the parties to work together and supports this collegiality. Given these considerations, the burden of this limited discovery process does not outweigh the risk for Plaintiff in delaying litigation. In fact, the discovery approach currently in place is in line with Federal Rule of Civil Procedure 1, which encourages a "just, speedy, and inexpensive" process.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Discovery Pending Outcome of Defendants' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED,** this 3rd day of March, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE